UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABEL M. RODRIGUEZ,

        Plaintiff,                              Case No. 1:20-cv-211

v.                                                  Hon. ROBERT J. JONKER

ANDREW SAUL,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff Abel M. Rodriguez has filed two lawsuits in this Court, both of which are related to his employment at the Social Security Administration ("SSA"). Plaintiff's first lawsuit named the SSA as the defendant. *See Rodriguez v. Social Security Administration*, 1:20-cv-52 (sometimes referred to as "*Rodriguez I*"). In this, his second lawsuit, plaintiff has sued Andrew Saul, Commissioner of the SSA (sometimes referred to as "*Rodriguez II*"). This matter is now before the Court on defendant's motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 16).

        **I.**        **Plaintiff's complaint**

Plaintiff's complaint is difficult to decipher. Defendant has provided a fair summary of plaintiff's claims, which is set forth below:

> Mr. Rodriguez began working for the Social Security Administration ("SSA") as a Claims Specialist in 2000. (*See* Compl., PageID.3, 4) He alleges he was "exposed to such a hostile work environment" and "discriminated by 5 white females." (*Id*. at PageID.3.) He initiated an employment discrimination claim in 2003 that resulted in his transfer from the Kalamazoo office to the Battle Creek office. (*Id*.)
>
> Shortly thereafter, Mr. Rodriguez again "started to experience hostility and

1

discrimination." (*Id*. at PageID.3-4.) He was harassed "many times" over the "years" by being called to the manager's office following "frivolous" complaints by "white female coworkers." (*Id.* at PageID.4.) He "always had just cause to [these] complaints because they would fail to tell management the things they did or said to [him] before [he] would respond." (*Id*. at PageID.5.)

Mr. Rodriguez was denied promotion opportunities because his manager did not want to lose him as a Claims Specialist. (*Id*. at PageID.4.) His manager saw him as a "work horse" he wanted to keep. (*Id*.) This made Mr. Rodriguez feel "trapped." (*Id*.)

Mr. Rodriguez had a heart attack in August 2016. (*Id*.) Mr. Rodriguez subsequently experienced hostility at a meeting in October 2017, when two white female coworkers "went ballistic" and "verbally attack[ed]" him. (*Id*.) He alleges they should not have caused him stress in this way because it could have negatively affected his heart condition. (*Id*.) The white female managers did not stop the coworkers from causing him stress. (*Id*.)

At some point, Mr. Rodriguez was given a written reprimand in accordance with policy, which he refused to sign. (*Id*. at PageID.6.)

Mr. Rodriguez applied for disability retirement in late 2017, which was granted in October 2018. (*See id*. at PageID.7.)

On November 2, 2018, while his disability retirement application was pending, Mr. Rodriguez administratively initiated a formal Equal Employment Opportunity (EEO) complaint. (*See* Compl. Ex. 1, PageID.12.) He alleged SSA had subjected him to discrimination in his working conditions between March 30, 2018, and October 13, 2018. (*Id*.)

On May 30, 2019, SSA issued a final agency decision on Mr. Rodriguez's claim that he had suffered discrimination between March 30, 2018, and October 13, 2018. (*Id*. at PageID.12-13.) It found no discrimination or retaliation. (*Id*. at PageID.12.) Mr. Rodriguez administratively appealed to the Office of Federal Operations, which dismissed his appeal. (*See id*. at PageID.13.) Mr. Rodriguez then filed the present action. (Compl., PageID.1.)

Defendant's Brief (ECF No. 17, PageID.48-50.

Based on plaintiff's filings, the decision appealed to this Court is from the United States Equal Employment Opportunity Commission ("EEOC"), Office of Federal Operations, *Abel M. Rodriguez v. Andrew M. Saul*, No. 2019004753 (addressing case no. CHI-18-1014-SSA (Feb.

2

12, 2020) (ECF No. 1-1, PageID.12-15)).  As discussed in a separate report and recommendation, the claim raised in this case appears to be one of the claims tangentially raised in *Rodriguez I*.[1]

When read in conjunction with *Rodriguez I*, the specific claims addressed in this case involve workplace discrimination and retaliation related to national origin, age, and disability in violation of Title VII of the Civil Rights Act, the Age Discrimination in Employment Act ("ADEA"), and the Rehabilitation Act, which occurred between March 30, 2018 and October 13, 2018.  The SSA assigned this claim no. CHI-18-1014-SSA, and described the claim as follows:

> 1. Whether the agency subjected him to non-sexual harassment based on age (over 40), sex (male), national origin (Hispanic), disability (physical), and retaliation (prior EEO activity) between March 30, 2018 until October 13, 2018 in terms of working conditions.

*See Rodriguez I*, SSA Corrected Acceptance Letter at ECF No. 26-2, PageID.211.  The EEOC assigned its appeal of this case as no. 2019004753, and dismissed the appeal on February 12, 2020.  *See* EEOC No. 2019004753 (ECF No. 1-1, PageID.12-16).  The Court construes plaintiff's complaint as addressing the issues raised in that dismissed appeal.

    **II.**    **Defendant's motion to dismiss**

    **A.**    **Legal Standard**

Defendant has moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  A complaint may be dismissed for failure to state a claim if it fails to give the defendants a fair notice of the claim and the grounds upon which it rests.  *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007).

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility

---

[1] The Court notes that it is filing, on this date, a Report and Recommendation regarding the defendant's motion to dismiss *Rodriguez I*.

3

> standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Churchs Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). While *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004). Thus, "an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678. Finally, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. National Collegiate Athletic Association*, 528 F.3d 426, 430 (6th Cir. 2008).

### B.     Discussion

Defendant contends that the Court should dismiss plaintiff's complaint because (1) it does not allege that the SSA or any employee took any action on the basis of any protected characteristic, (2) it does not allege that the SSA treated any similarly situated employee more favorably than plaintiff, and (3) all the alleged actions occurred outside the limited time period that plaintiff asserted at the administrative level. For the reasons discussed below, the Court recommends that plaintiff be given an opportunity to file an amended complaint to remedy the deficiencies in his original complaint.

As an initial matter, plaintiff's complaint does not allege the statutory violations which form the basis of this lawsuit. The Court is left with the EEOC's decision, which set out the issues as follows:

> Complainant filed an appeal with the Equal Employment Opportunity Commission (EEOC or Commission) from the May 30, 2019 final Agency decision finding no discrimination with regard to his complaint of unlawful employment discrimination in violation of Title VII of the Civil Rights Act of l964 (Title VII). as amended. 42 U.S.C. § 2000e et seq., Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act). as amended, 29 U.S.C. § 791 et seq., and the Age Discrimination in Employment Act of 1967 (ADEA), as amended. 29 U.S.C. § 621 et seq.
>
> At the time of events giving rise to this complaint, Complainant worked as a Claims Specialist, GS-0105-11, at the Agency's facility in Battle Creek, Michigan. On November 2, 2018, Complainant filed a formal complaint alleging that the Agency subjected him to discrimination on the bases of national origin (Hispanic), sex (male), disability, age (over 40 years old), and in reprisal for prior protected EEO activity arising under Title VII when from March 30 through October 13, 2018, he experienced harassment based on his national origin, sex, age, disability, and reprisal for prior EEO activity with respect to his working conditions and threats he received.

EEOC Appeal (ECF No. 1-1, PageID.12).

The EEOC dismissed the appeal because plaintiff tried to simultaneously litigate the appeal by filing *Rodriguez I* in the Federal Circuit:

> On October 10, 2019, Complainant filed a civil action (identified as Civil Action No. 20-1025) in the United States District Court for the United States Circuit Court of Appeals - Federal Circuit [sic]. The record further discloses that the claims raised therein are the same as those raised above, and in the instant complaint. Specifically. Complainant raises the claims of having been harassed by management through the issuance of the two letters, as well as management's response to OPM. The regulation found at 29 C.F.R. § 1614.409 provides that the filing of a civil action "shall termination the Commission processing of the appea1." Commission regulations mandate dismissal of the EEO complaint under these circumstances so as to prevent a complainant from simultaneously pursuing both administrative and judicial remedies on the same matters, wasting resources, and creating the potential for inconsistent or conflicting, and in order to grant due deference to the authority of the federal district court. . .

5

*Id*. at PageID.13.[2]

Now, plaintiff seeks to appeal this dismissal. Plaintiff's unstructured *pro se* pleadings and his attempts to simultaneously litigate claims in the EEOC, the Federal Circuit and this Court, have resulted in an unnecessary expenditure of resources to address his alleged claims of employment discrimination. If plaintiff wants to resolve his claims, then he must cease his practice of simultaneous filings and focus his attention on presenting his claims to this Court.

Defendant has demonstrated that plaintiff's complaint is deficient because it does not allege facts which would support the discrimination claims raised before the EEOC, *i.e.*, "[h]e does not allege that SSA took any action because of, for example, his age, national origin, or disability." Defendants' Brief (ECF No. 17, PageID.52). In this regard, plaintiff has filed a rambling complaint which fails to comply with the basic rules of pleading under Fed. R. Civ. P. 8(a) which states as follows:

> **(a) Claim for Relief**. A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

While no technical form is required, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). In addition, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Furthermore, while the EEOC decision references three federal statutes which could form the basis for federal claims, plaintiff cites no statutes in his complaint.

---

[2] The Court notes that plaintiff filed the action directly in the United States Court of Appeals for the Federal Circuit. *See Abel M. Rodriguez v. Social Security Administration,* No. 2020-1025 (Order) (Fed. Cir. Jan. 17, 2020); *Rodriguez I* at ECF nos. 1 through 16.

To remedy this situation, plaintiff needs to file an amended complaint consistent with the Court's rules.  The amended complaint must set forth his claims addressed in CHI-18-1014-SSA, *i.e.*, the alleged acts of discrimination and retaliation which occurred between March 30, 2018 and October 13, 2018, and the relevant statutes.  Once plaintiff files an appropriate amended complaint, then defendant can respond, and the lawsuit can proceed.[3]

In summary, plaintiff's complaint should be dismissed without prejudice and he should be allowed to file an amended complaint consistent with this report.  Finally, plaintiff should be advised that if he fails to file an appropriate amended complaint, the Court may dismiss his lawsuit with prejudice.

### III.    RECOMMENDATION

Accordingly, I respectfully recommend that defendant's motion to dismiss (ECF No. 16) be **GRANTED** in part and that plaintiff's complaint be **DISMISSED without prejudice**.

I further recommend that plaintiff be allowed to file an amended complaint which complies with the Court rules and identifies the facts and statutes which support each claim.

I further recommend that plaintiff be advised that if he fails to file an appropriate amended complaint, the Court may dismiss it with prejudice.

Dated:  February 25, 2021                             /s/ Ray Kent
                                                      United States Magistrate Judge

---

[3]  The Court previously denied plaintiff's cryptic "letter/motion" in which plaintiff stated that he wanted to "amend my complaint to include with my discrimination complaint and add retaliation, age and sex discrimination" and referencing an EEOC complaint from November 2017.  *See* Order (ECF No. 13); Letter/Motion (ECF No. 7, PageID.27).  In its order, the Court advised that, "If plaintiff wants to amend his complaint, as a matter of course or by motion, then he needs to submit a proposed amended complaint which entirely replaces his original complaint.  Plaintiff cannot amend his complaint piecemeal."  Order at PageID.39.  Plaintiff did not follow the Court's advice to file a proposed amended complaint to replace the original complaint.

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).