UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABEL M. RODRIGUEZ,

       Plaintiff,

v.

                                     CASE No. 1:20-cv-211

ANDREW SAUL,                     HON. ROBERT J. JONKER

       Defendant.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Kent's Report and Recommendation in this matter (ECF No. 24) and Plaintiff's Objection to the Report and Recommendation. (ECF No. 25). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; and Plaintiff's Objections.  After its review, the Court finds that Magistrate Judge Kent's Report and Recommendation, which recommends granting Defendant's motion to dismiss with leave for Plaintiff to amend his complaint, is factually sound and legally correct.

In the February 25, 2021 Report and Recommendation issued in this case, Magistrate Judge Kent observes that Plaintiff has failed to satisfy the Rule 8 pleading standards with respect to his contentions underlying claim no. CH-18-1014-SSA.  For example, Plaintiff's complaint failed to allege that the SSA took any action because of age, national origin, or disability.  The Magistrate Judge recommends that Plaintiff's complaint be dismissed without prejudice and with leave to file an amended complaint that complies with Rule 8 and all other rules.  (ECF No. 24, PageID.90).[1] The Report and Recommendation carefully, thoroughly, and accurately addresses these issues. Plaintiff's Objection, furthermore, fails to deal in a meaningful way with the Magistrate Judge's reasoning.  The Court agrees, on *de novo* review, with the Magistrate Judge's recommendation for the very reasons the Report and Recommendation delineates.  Plaintiff shall have until **April 9, 2021,** within which to file an Amended Complaint that complies with the rules of the Court, as detailed in the Magistrate Judge's Report and Recommendation.

---

[1] Plaintiff, proceeding *pro se*, has filed two lawsuits in this Court, both of which are related to his employment at the Social Security Administration ("SSA").  Plaintiff's first lawsuit named the SSA as the defendant. *See Rodriguez v. Social Security Administration*, 1:20-cv-52 (hereinafter "*Rodriguez I*").  In this second lawsuit ("*Rodriguez II*") plaintiff has sued Andrew Saul, the Commissioner of the SSA.  Both cases involve an overlapping issue, namely, alleged workplace discrimination and retaliation related to national origin, age, and disability in violation of Title VII of the Civil Rights Act, the Age Discrimination in Employment Act ("ADEA"), and the Rehabilitation Act, which occurred between March 30, 2018 and October 13, 2018.  These claims are compiled under the SSA's claim no. CH-18-1014-SSA.  In *Rodgriguez I*, the Magistrate Judge recommended that those claims be addressed in this case.

Plaintiff has also filed a document docketed by the Clerk of Court as a motion to continue the case. (ECF No. 23). It is not clear what relief, if any, Plaintiff may be requesting. He states he "requests to file a motion of continuance of my case as I want my day in Court before the Administrative Judge." (ECF No. 23, PageID.81). The motion, to the extent it qualifies as one, is denied. The defense agrees that the claims in this case have been exhausted (ECF No. 17). That Plaintiff may have pending business before the EEOC on unexhausted claims does not affect the exhausted claim here.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 24) is approved and adopted as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Saul's Motion to Dismiss (ECF No. 16) is **GRANTED** with leave for Plaintiff to file an Amended Complaint complying with Court rules no later than **April 9, 2021.** If Plaintiff fails to timely file an Amended Complaint, judgment will enter against Plaintiff. If an Amended Complaint is timely filed, Defendant may move or answer as required by Rule.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Continue the Case (ECF No. 23) is **DENIED.**

Dated:   March 17, 2021            /s/ Robert J. Jonker
　　　　　　　　　　　　　　　　　　ROBERT J. JONKER
　　　　　　　　　　　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE